**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth Ann Reynolds, | No. CV-20-01723-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Ruth Reynolds's Applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial. Along with its Answer, Defendant SSA filed a Motion to Remand this matter for a new hearing and decision based on harmful error in the Administrative Law Judge's ("ALJ") decision. (Doc. 22). Plaintiff filed a Response in opposition to remand, Defendant filed a Reply, and Plaintiff filed a Sur-Reply. (Docs. 31, 32, and 33). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 21), reverses the ALJ's decision (AR at 12-35), and remands this matter for a new hearing for the reasons addressed herein.

**I.   Background**

Plaintiff filed an Application for SSDI and SSI benefits on May 12, 2017, alleging a disability beginning on December 21, 2015. (AR 15, 269-70). Plaintiff's claims were initially denied on September 13, 2017, and upon reconsideration on January 30, 2018.

(*Id.*) A hearing was held before ALJ Matthew C. Dawson on February 7, 2020. (*Id*. at 32-76). Plaintiff's Applications were denied by the ALJ on March 17, 2020. (*Id*. at 35). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

The Commissioner requests remand of this case for additional administrative proceedings to enable the ALJ to reevaluate the record evidence, including the medical opinions of Eric Foltz, M.D., and Hollis Underwood, M.D., and the prior administrative medical findings of L. Pancho, M.D., and Alicia Blando, M.D., and issue a new decision. (Doc. 22). The Commissioner acknowledges that the ALJ committed harmful error in discussing these opinions, as it is apparent that the ALJ did not "articulate how [h]e considered the medical opinions and prior administrative medical findings in your claim," in accordance with 20 C.F.R. § 416.920(c). *Id.* The Commissioner offered to remand the case for further administrative proceedings prior to filing an Answer, but Plaintiff wished to proceed on appeal. (Doc. 22 at 2). The current Motion followed. Plaintiff opposes remand for additional administrative proceedings and asks the Court to deny the Motion so that she may file an Opening Brief where she will argue that this matter should be remanded for an award of benefits. (Doc. 31).

As the parties have only briefed whether to remand this matter for further administrative proceedings or whether to deny the Motion and proceed with briefing on the ultimate issues in Plaintiff's Complaint, the Court will only consider the issues raised in the Motion to Remand.

**II.     Legal Standards**

Sentence four of 42 U.S.C. § 405(g), gives the district court the power to "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), as amended (Feb. 5, 2016). Once it has been established that an ALJ's decision contains harmful error, the

decision to remand a case for additional administrative proceedings is within the discretion of the court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)). In deciding whether additional proceedings are warranted, the court should "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407. "In conducting this review, the district court must consider whether there are inconsistencies between the claimant's testimony and the medical evidence in the record, or whether the government has pointed to evidence in the record that the ALJ overlooked and explained how that evidence casts into serious doubt the claimant's claim to be disabled." *Id.* (internal citations omitted). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Id.*

**III.   Analysis**

Defendant moves to remand this matter to the Commissioner for a new hearing pursuant to sentence four of 42 U.S.C. § 405(g) to enable the Commissioner to reevaluate the record evidence, including the medical opinions of Eric Foltz, M.D., and Hollis Underwood, M.D., and the prior administrative medical findings of L. Pancho, M.D., and Alicia Blando, M.D. (Doc. 22).

Plaintiff agrees that the ALJ erred in the consideration of the medical opinion of Eric Foltz, M.D., but further alleges in her Complaint that the ALJ erred in the consideration of her subjective symptom testimony. (Doc. 31). Plaintiff opposes remand, arguing that if the analysis of her symptom testimony is left undisturbed "another

unfavorable decision would seem to be a foregone conclusion." (Doc. 31 at 3). Therefore, Plaintiff argues the Court should deny the Motion to Remand, allow briefing to proceed, and ultimately argues that she will convince this Court that a remand for an award of benefits is warranted.[1] (*Id.*)

The basis for Defendant seeking remand, in addition to the error admitted with respect to the opinions of the four medical doctors, is that there are numerous conflicts among the various medical records that were not addressed by the ALJ. For instance, Dr. Foltz opined that Plaintiff could perform less than sedentary work (AR 1251-52), while Drs. Pancho and Blando opined that Plaintiff could perform a full range of light work (*Id.* at 97-98, 129-31). Two other medical doctors, Drs. Hedley and McGrath, opined that Plaintiff could engage in a range of light work. (*Id.* 489, 498, 797). Both parties agree that the ALJ erred in the consideration of Dr. Foltz's opinion. This apparent conflict in the medical opinion evidence needs to be resolved by the ALJ on remand. *Dominguez v. Colvin*, 808 F.3d 403, 410 (9th Cir. 2015), as amended (Feb. 5, 2016) (holding that remand for a new administrative hearing is proper where there are inconsistencies in the record and the Court has found the ALJ erred in consideration of the medical evidence). It also bears noting that Defendant concedes that the ALJ committed more error than recognized by Plaintiff.

. . . .

---

[1] Plaintiff argues that the ALJ improperly discounted her symptom testimony, but that she is unable to develop that argument in the current briefing. Therefore, Plaintiff argues she will be prejudiced if she is not allowed to develop her arguments on this issue in further briefing. (Doc. 31). However, the Court has already accounted for this argument in a prior Order. In response to Defendant's Motion to Remand, Plaintiff filed a Motion to Strike, arguing that the Scheduling Order did not allow such a Motion and it would prevent Plaintiff the opportunity from arguing her case. (Doc. 23). The Court held that the Scheduling Order did not preclude a Motion to Remand. (Doc. 27 at 2). Moreover, the Court noted that if the Motion to Remand was granted and on remand the ALJ again decides that Plaintiff is not entitled to benefits when reviewing the evidence under the proper guidelines, "Plaintiff will have the opportunity to appeal and go through the process that she complains was bypassed due to Defendant's filing. Plaintiff has not lost any opportunity." (*Id.*) The symptom testimony issue is not before the Court at this time and Plaintiff has not so argued. Therefore, the Court will not consider it.

- 4 -

**IV.    Remand for Further Proceedings**

Here, the parties agree to error with respect to the ALJ's consideration of the medical opinion of Eric Foltz, M.D., and the Court finds additional error in the ALJ's consideration the medical opinions of Hollis Underwood, M.D., and the prior administrative medical findings of L. Pancho, M.D. and Alicia Blando, M.D. Once a court has determined an ALJ's decision contains harmful error, the decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). However, the latter is "a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). For the Court to remand for award of benefits, three conditions must be satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). However, even where each condition is satisfied, the Court may still remand for further administrative proceedings if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021. "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." *Id.*

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated using the proper standards. And importantly, the Court has not received full factual and legal argument from the parties as the customary briefing has not taken place. However, Defendant has admitted, and the Court has found, numerous areas of error and inconsistencies in the ALJ's discussion of the medical evidence. These issues are best left to the ALJ, as the designated finder of fact, to determine whether this medical opinion evidence, when properly evaluated according to applicable regulatory standards, establishes disability. The Court finds on this record, and

with this number of errors admitted by Defendant, that remand for a new administrative hearing and a new decision is in the best interest of all parties. Therefore, the Court, in its discretion, finds that a remand for further proceedings is appropriate to hold a new hearing, reconsider the medical opinion evidence of record, reconsider Plaintiff's residual functional capacity in light of those opinions, and issue a new decision.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing, to allow the Commissioner to further evaluate the medical opinion evidence, reevaluate Plaintiff's residual functional capacity in light of the reevaluation of the medical opinions, and issue a new decision.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly and close this matter.

Dated this 2nd day of December, 2021.

Honorable John J. Tuchi
United States District Judge